Filed 8/19/25  P. v. Trujillo CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TIMOTHY JAMES TRUJILLO,<br><br>    Defendant and Appellant. | B336235<br><br>Los Angeles County<br>Super. Ct. No. BA263278 |

APPEAL from an order of the Superior Court of Los Angeles County, Alison S. Matsumoto, Judge.  Reversed and remanded.

Richard Lennon and Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

Timothy James Trujillo petitioned for resentencing under Penal Code section 1172.75. (References to statutes are to the Penal Code.) The trial court dismissed Trujillo's one-year prison priors but denied his request for a full resentencing. In light of our Supreme Court's recent decision in *People v. Rhodius* (2025) 17 Cal.5th 1050 (*Rhodius*), we reverse and remand for further proceedings.

In 2006, a jury convicted Trujillo of second degree murder. In a bench trial, the court found true the People's allegations that Trujillo had suffered a prior strike, which also constituted a serious felony prior under section 667, subdivision (a)(1), as well as four one-year prison priors under section 667.5, subdivision (b). The trial court sentenced Trujillo to 35 years to life, calculated as 15 years to life, doubled because of the strike prior, plus five years for the serious felony prior. The court stayed the four one-year priors.

In 2023, Trujillo filed a petition for recall and modification of his sentence under section 1172.75. Trujillo asked the court to strike his invalid prison prior enhancements and also to conduct a full resentencing. The court conducted a hearing on December 13, 2023. The prosecution agreed the court should dismiss the prison priors but objected to a full resentencing. The court dismissed the four prison priors but denied full resentencing, citing *Rhodius* (previously published at 97 Cal.App.5th 38).

On June 26, 2025, the California Supreme Court reversed the court of appeal's decision in *Rhodius*. The Supreme Court held, "Penal Code section 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020,

2

regardless of whether the enhancement was then executed or instead stayed." (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.) The Court concluded "the retroactive invalidation of the previously imposed enhancements in turn mandates resentencing under section 1172.75, according to the procedures set forth" in that statute. (*Id*. at p. 1068.)

Accordingly, we reverse the trial court's order denying Trujillo a full resentencing and remand the matter for further proceedings consistent with the statutory language, as construed by our Supreme Court in *Rhodius*.

## DISPOSITION

We reverse the trial court's order denying Timothy James Trujillo's petition for resentencing under section 1172.75 and remand the matter for full resentencing.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



EGERTON, Acting P. J.

We concur:



ADAMS, J.                    GAAB, J.*

---

\*      Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3